Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 2135 | **DATE** | 12/13/2012 |
| **CASE TITLE** | *Tolbert v. Gaetz* | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the petitioner's motion for leave to file an untimely motion for relief under Rule 60(b) [71] is denied. The petitioner's motions to proceed in forma pauperis [70] and for judgment on the pleadings [72] are denied as moot.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

     This Court denied the petitioner's habeas petition on July 19, 2010 (Dkt. # 49) and denied a certificate of appealability on September 16, 2010 (Dkt. # 64.) Further, this Court denied the petitioner's motion for reconsideration on August 30, 2010 (Dkt. # 58.) On March 17, 2011, the Seventh Circuit denied the petitioner's request for a certificate of appealability (Dkt. # 69.) Since the Seventh Circuit's order, the petitioner has filed three motions with this Court: (1) a motion to proceed in forma pauperis (Dkt. # 70); (2) a motion for leave to file an untimely motion for relief from judgment under Federal Rule of Civil Procedure 60 (Dkt. # 71); and (3) a motion for judgment on the pleadings (Dkt. # 72.)

     In claim # 6 of his habeas petition, the petitioner contended that his trial and post-trial counsel provided ineffective assistance because they failed to move to dismiss the murder charge based on irregularities in the felony complaint. This Court concluded that the claim was procedurally barred because the petitioner had failed to raise it in his state court proceedings prior to filing his federal habeas petition. (Dkt. # 49 at 6-7.) The petitioner now claims that this Court missed his cause and prejudice argument in his amended habeas petition, which would provide the necessary excuse for the procedural default. Specifically, the petitioner asserts that he stated in his amended petition that he was not allowed to participate in his initial appearance because the state court judge passed the case, and when it was recalled, he was not present. (Dkt. # 71 at 5.) The petitioner contends that had he been present at his initial appearance, he would have waived counsel and moved to dismiss the indictment and suppress the evidence against him. (*Id.*)

     As an initial matter, to the extent that the petitioner raises a new argument in the Rule 60(b) motion, it must be denied because he does not have approval from the Seventh Circuit to bring a successive habeas petition. 28 U.S.C. § 2244(b)(3). To the extent he is asking the Court to reconsider arguments already presented, the court must deny his request. 28 U.S.C § 2244(b)(1) ("A claim presented in a second or successive habeas application. . .that was presented in a prior application *shall be dismissed*.") (emphasis

| STATEMENT |
|---|

added); *Gonzalez v. Crosby*, 545 U.S. 524, 531-34 (2005).

The Court notes, however, that "when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," a petitioner may bring a Rule 60(b) motion. *Gonzalez*, 545 U.S. at 532. Thus, because it appears that the petitioner is arguing a defect in the federal habeas proceeding itself, the Court will consider the merits of the Rule 60(b) motion. The petitioner claims that he did not raise the argument of ineffective assistance of trial and post-trial counsel for failing to move to dismiss the indictment before the state court because he was not present at his initial appearance. He contends that because he did not obtain copies of the transcript of the initial appearance until just before filing his federal habeas petition, he could not have raised the ineffective assistance of counsel issue in state court. Therefore, he argues that he has established cause for the procedural default.

"Cause for a default is ordinarily established by showing that some type of external impediment prevented the petitioner from presenting his federal claim to the state courts." *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004). The petitioner knew at the time that he was removed from the hearing for his initial appearance that he was not present and not having the transcript did not prevent him from raising the issue before the state court regarding what did or did not occur during his initial appearance. Moreover, he does not assert that some external impediment prevented him from obtaining the transcripts from his 2001 initial hearing prior to September 2008, which is when he states he obtained them.

For these reasons, the petitioner's motion for leave to file an untimely motion for relief under Rule 60(b) [71] is denied. The petitioner's motions to proceed in forma pauperis [70] and for judgment on the pleadings [72] are denied as moot.